UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEITH COOPER, | ) | CASE NO.  1:23-cv-1793 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| | ) | |
| ANNETTE CHAMBERS-SMITH, *et al.,* | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

*Pro se* Plaintiff Keith Cooper filed this civil rights action under 42 U.S.C. § 1983 against

Ohio Department of Rehabilitation and Correction ("ODRC") Director Annette Chambers-

Smith, Ohio Governor Mike DeWine, ODRC Medical Director Dr. Andrew Eddie, Toledo

Correctional Institution ("TOCI") Lieutenant Tashana Ford, Ronald Pettaway, Michael Brandel,

Joshua Mulinix, Mr. Sololis, and Michael Jenkins (collectively "Defendants").  Plaintiff alleges

that he slipped in the kitchen at TOCI, was accused of staging his fall, and then disciplined for

threatening an officer.  He claims the Defendants denied him freedom of speech, access to the

courts, and due process.  He further claims TOCI officers disrespected him, subjected him to

cruel and unusual punishment, were deliberately indifferent to his serious medical needs,

subjected him to "sanitary violations," retaliated against him, engaged in organized crime, and

participated in a conspiracy.  Finally, he claims ODRC officials failed to protect him from the

actions of TOCI officers.  Plaintiff seeks monetary damages and injunctive relief.

I.        **Background**

Plaintiff alleges that on October 9, 2021, he was working at his job in the prison's food

service area when he tripped and fell.  (Doc. No. 1 at 4.)[1]  Medical personnel were called to the

kitchen and Plaintiff was escorted to the medical department.  (*Id.*)  Upon reviewing the security

camera footage of the kitchen area, prison officials determined that Plaintiff staged the fall by

deliberately tripping over his own foot.  (Doc. No. 1-2 at 16.)  Those officials relayed this

information to Lieutenant Ford.  Lieutenant Ford went to the medical department to inform

medical personnel of the discovery and to escort Plaintiff back to his unit.  (Doc. No. 1 at 4-5;

Doc. No. 1-2 at 16.)  Plaintiff disagreed with the interpretation of the camera footage and

attempted to argue with Lieutenant Ford.  (Doc. No. 1-2 at 16.)  Lieutenant Ford informed

Plaintiff that the issue was not up for debate, and that he would have to return to his cell.

Plaintiff approached Lieutenant Ford with balled fists in a manner that caused Lieutenant Ford to

believe Plaintiff intended to shoulder bump her.  (*Id.*)  Lieutenant Ford then removed her pepper

spray from its holster and instructed other officers to escort Plaintiff to the wall and handcuff

him.  (*Id.*; *see also* Doc. No. 1 at 5.)  Plaintiff was charged with a conduct violation for

threatening another with bodily harm and/or disrespecting an officer.  He was found guilty of the

offense and sentenced to serve a limited number of days in segregation.  (Doc. No. 1 at 8-9; Doc.

No. 1-2 at 17.)

Plaintiff asserts eleven legal causes of action in his Complaint.  (*See* Doc. No. 1 at 4-6.)

First, he claims that Lieutenant Ford's refusal to entertain debate on the cause of his fall violated

his First Amendment right to free speech.  For his second and third claims, he contends Mr.

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document
and PageID# rather than any internal pagination.

Pettaway would not let him have access to a kiosk saying he was on restricted privileges which

he contends is a denial of due process and access to the courts.  Fourth, he contends ODRC

officials Chambers-Smith, Governor DeWine, and Dr. Eddie failed to protect him from TOCI

officials.  Fifth, he claims the TCI Defendants (Lieutenant Ford, Ronald Pettaway, Michael

Brandel, Joshua Mulinix, Mr. Sololis, and Michael Jenkins) disrespected him.  Sixth, he claims

the TOCI Defendants were deliberately indifferent to his serious medical needs which left him

with physical and mental anguish and psychological trauma.  Seventh, he simply says "sanitary

violations."  (*Id.* at 6).  Eighth, he says "they harassed me."  (*Id.*)  Ninth, Plaintiff states

"retaliated also."  (*Id.*)  For his tenth claim, he alleges the Defendants have a gang and asserts

claims for organized crime and racketeering.  Finally, Plaintiff claims the Defendants engaged in

a conspiracy "on the exhibit evidence camera and medical records & incidence reported."  (*Id.*)

## II.        Standard

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364,

365 (1982) (per curiam) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)), the Court is

required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a

claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Lomax v.

Ortiz-Marquez*, 140 S.Ct. 1721, 1725 (2020); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989);

*Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194,

197 (6th Cir. 1996).  A claim lacks an arguable basis in law or fact when it is premised on an

indisputably meritless legal theory or when the factual contentions are clearly baseless.  *Hill v.

Lapin*, 630 F.3d 468, 471 (6th Cir. 2010) (citing *Neitzke*, 490 U.S. at 327).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. A plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## III.  Analysis

Plaintiff first claims Lieutenant Ford denied him free speech by not allowing him to argue his case before officers removed him from the medical department. While prisoners "retain some constitutional protections while incarcerated, including rights provided by the First Amendment," a prisoner's right to freedom of speech is limited necessarily by virtue of the nature of incarceration. *Bethel v. Jenkins*, 988 F.3d 931, 938 (6th Cir. 2021) (citing *Turner v. Safley*, 482 U.S. 78, 84 (1987)). Inmates retain those First Amendment rights that "are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Id.* (quoting *Pell v. Procunier*, 417 U.S. 817, 822 (1974)). In this case, Plaintiff attempted to argue with Lieutenant Ford when she ordered him to return to his unit.

4

Plaintiff does not have a constitutional right to argue with a prison officer and the officer's action in not entertaining the argument did not violate Plaintiff's right to free speech.  *See Hill v. Mills*, No. 5:23-CV-155-CHB, 2023 WL 7177999, at *3 (E.D. Ky. Oct. 31, 2023) (holding that an inmate being told to "shut the (f) up" by a corrections officer did not constitute a violation of the prisoner's First Amendment right to free speech); *Hensley v. Kampshaefer*, No. 3:07CV-616-H, 2009 WL 69074, at *4 (W.D. Ky. Jan. 9, 2009) ("Unlimited free speech for inmates during cell searches would clearly be inconsistent with both the inmates' status as prisoners and with legitimate penological interests.").

Similarly, Plaintiff fails to state a claim for denial of access to the courts.  This claim requires Plaintiff to allege that particular actions by Defendants prevented him from pursuing or caused the rejection of a specific non-frivolous direct appeal, habeas corpus petition, or civil rights action.  *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that an inmate must demonstrate that the prison or the defendants "hindered his efforts to pursue a legal claim").  The right of access to the courts is directly related to an underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).  Plaintiff must therefore "plead and prove prejudice stemming from the asserted violation." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  In order words, he must demonstrate "actual injury" by showing that his underlying claim was non-frivolous, and that it was frustrated or impeded by Defendants. *Lewis*, 518 U.S. at 352-53.  "It follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint . . . ." *Christopher*, 536 U.S. at 415.  Here, Plaintiff does not allege that the officers' actions in denying him the opportunity to use the kiosk directly prevented him from

5

pursuing or caused the rejection of a non-frivolous claim in court. His claim for denial of access to the courts is dismissed.

Plaintiff's claims for denial of due process, unsanitary conditions, harassment, retaliation, racketeering, and conspiracy are all stated as legal conclusions with no factual allegations to support them. Legal conclusions, alone, are not sufficient to state a claim. *Iqbal*, 556 U.S. at 678. Those causes of action are dismissed.

Plaintiff claims that ODRC officials, including Director Chambers-Smith, Governor DeWine, and Dr. Eddie, failed to protect him from the actions of the TOCI Defendants. There is no indication that any of the ODRC Defendants knew of Plaintiff or were aware of the incidents described in this Complaint. Plaintiff cannot establish the liability of any Defendant absent a clear showing that that Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Mullins v. Hainesworth*, No. 95-3186, 66 F.3d 326 (Table) 1995 WL 559381, at * 1 (6th Cir. Sept. 20, 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 371-73 (1976)) ("Liability cannot be established absent a clear showing that the defendants were personally involved in the activity forming the basis of the alleged unconstitutional behavior."). The Complaint simply contains no facts which reasonably associate these Defendants to any of the claims set forth by Plaintiff.

Finally, Plaintiff fails to state a claim for his assertions of disrespect and deliberate indifference to serious medical needs. These claims would arise, if at all, under the Eighth Amendment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346

6

(1981).  The Eighth Amendment protects inmates by requiring that "prison officials . . . ensure

that inmates receive adequate food, clothing, shelter, and medical care, and . . . 'take reasonable

measures to guarantee the safety of the inmates.'"  *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)

(quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).  The Eighth Amendment's

requirements, however, do not mandate that a prisoner be free from discomfort or inconvenience

during his or her incarceration.  *See Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per

curiam) (quoting *Rhodes*, 452 U.S. at 346).  Prisoners are not entitled to unqualified access to the

medical treatment of their choice, s*ee Hudson v. McMillian*, 503 U.S. 1, 9 (1992), nor can they

"expect the amenities, conveniences and services of a good hotel."  *Agramonte v. Shartle*, 491

Fed.Appx. 557, 559 (6th Cir. 2012) (quoting *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th

Cir.1988)); *see Thaddeus-X v. Blatter*, 175 F.3d 378, 405 (6th Cir. 1999) (Suhrheinrich, C.J.

concurring in part, dissenting in part).  In sum, the Eighth Amendment affords the constitutional

minimum protection against conditions of confinement which constitute health threats but does

address those conditions which cause the prisoner to feel merely uncomfortable or which cause

aggravation or annoyance.  *McMillian*, 503 U.S. at 9-10 (requiring grave or extreme deprivations

"to make out a conditions-of-confinement claim").

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework

for courts to use when deciding whether certain conditions of confinement constitute cruel and

unusual punishment prohibited by the Eighth Amendment.  A plaintiff must first plead facts

which, if true, establish that a sufficiently serious deprivation has occurred.  *Id.*  Seriousness is

measured in response to "contemporary standards of decency."  *McMillian*, 503 U.S. at 8.

Routine discomforts of prison life do not suffice.  *Id.*  Only deliberate indifference to serious

medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. A plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by "obduracy or wantonness, not inadvertence or error in good faith." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *See Helphenstine v. Lewis Cnty, Ky.*, 60 F.4th 305, 315 (6th Cir. 2023).

Plaintiff first claims the Defendants did not show him respect. Verbal harassment and offensive comments do not state an Eighth Amendment claim. *See Ivey*, 832 F.2d at 955.

In the context of a claim regarding medical treatment, Plaintiff must show that he was suffering from a "serious" medical condition and that the prison officials were "deliberately indifferent" to it. *Helphenstine*, 60 F.4th at 322. It is clear from the foregoing that the duty to provide a certain level of health care to incarcerated offenders under the Eighth Amendment is a limited one. "Not 'every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim.'" *Sarah v. Thompson*, 109 Fed.Appx. 770, 771 (6th Cir. 2004) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997)). In this case, Plaintiff does not allege that he was seriously injured by the fall, nor does he describe an injury. Accordingly, Plaintiff does not allege sufficient facts to suggest the Defendants denied him medical treatment in violation of the Eighth Amendment.

## IV.        Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e).  The Court

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken

in good faith.

**IT IS SO ORDERED.**


**Date:** February 8, 2024

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

9